## KNAUER v. KNAUER.

(Supreme Court, Appellate Division, First Department.    November 8, 1907.)

DIVORCE—APPEAL.

    In divorce, a default judgment was entered for plaintiff, which also required the payment of alimony. Subsequently the court granted defendant's motion to vacate the judgment on payment of the costs of the motion. *Held* that, while the court should have refused to entertain the application until defendant had complied with the judgment for alimony, yet, having done so, its order would be affirmed on appeal, on payment by defendant of the alimony and costs.

Appeal from Special Term.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

George E. Morgan and Sidney Smith, for appellant.
Harry R. Berlinicke and Harry C. Adams, for respondent.

INGRAHAM, J. The action was for a limited divorce. The defendant interposed an answer, and, the case coming on for trial, the defendant defaulted, and final judgment was entered for the plaintiff, granting a limited divorce, and requiring the defendant to pay the sum of $4 per week alimony. A certified copy of this judgment was served on the defendant on the 2d day of March, 1907. The defendant took no steps either to have his default opened or to comply with the judgment, and on the 9th day of July a formal demand was made upon him for the amount due under the judgment. That demand not being complied with, an application was made to punish him for contempt. The defendant then made a motion to vacate and set aside the judgment and to have the case restored to the calendar, and that he be permitted to come in and defend the action.

It appeared that, when the case was reached on the calendar for trial, counsel for the plaintiff informed the attorney for the defendant that the action was about to be tried, and the attorney for the defendant replied that he had been unable to get in touch with his client, and he did not appear at the trial. The case was then tried at Special Term, and final judgment awarded the plaintiff. Subsequent to the entry of judgment the defendant's attorney died, and the defendant retained new attorneys to make this application. The court below granted the motion and vacated the judgment entered on default, upon payment of $10 costs of the motion, notwithstanding the default of the defendant in the payment of the alimony directed by the judgment to be paid to the plaintiff. The court should have refused to entertain the application at all until the defendant had complied with the order of the court and relieved himself from his contempt; but, as it entertained the application, upon the facts presented the defendant should be permitted to try the issues upon payment of the amount due under the judgment.

The order appealed from should therefore be modified, so as to allow the defendant to come in and try the issues presented upon payment of the amount in arrears for alimony, $10 costs of opposing the motion, and $10 costs and disbursements of this appeal; the judgment as entered to stand until after the trial of the action, and the defendant to have leave to move to vacate the judgment in the event that he succeeds upon the trial. If these terms are not complied with within 10 days after the service upon his attorneys of a copy of the order entered upon this appeal, then the order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.